■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ARROYO, Appellant. [685 NYS2d 11] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered January 23, 1995, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him, as a persistent violent felony offender, to consecutive terms of 25 years to life, unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ARROYO, Appellant. [685 NYS2d 10] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered September 22, 1994, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

Defendant's motion to withdraw his guilty plea was properly denied after sufficient inquiry and without appointment of new counsel. The trial court afforded defendant a reasonable op-

portunity to set forth his meritless claim that he should be permitted to withdraw his guilty plea on the ground that counsel in his Bronx case had allegedly misadvised defendant as to the probable sentence in the case (*see, People v Fiumefreddo*, 82 NY2d 536, 543-544). Defendant's instant sentence was concurrent with, and lesser than, the sentence he claims he expected to receive in the Bronx case, as well as the sentence he actually received. Therefore, his allegations, even if true, would warrant no relief.

Defendant's valid waiver of his right to appeal precludes review of his excessive sentence claim, and, in any event, we perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.